UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK BRYSON                                            CIVIL ACTION

VERSUS                                                 NO. 09-554

STATE FARM FIRE AND CASUALTY                           SECTION  "N" (3)
INSURANCE COMPANY

REPORT AND RECOMMENDATION

Before the Court on referral from the District Court [Doc. #37] are defendant's Motion for

Judgment of Contempt and Dismissal [Doc. #28] and plaintiff's counsel's Motion to Withdraw as

Counsel of Record Without Substitution [Doc. #30].  Counsel for plaintiff has filed two responses

to the motion for contempt.  The motion to withdraw is unopposed.  Having reviewed the motions,

the responses and the case law, the Court recommends that defendant's Motion for Judgment of

Contempt and Dismissal [Doc. #28] be granted in part and that plaintiff's counsel's Motion to

Withdraw as Counsel of Record Without Substitution [Doc. #30] be granted for the reasons outlined

below.

I.       Factual and Procedural Background

This is a garden-variety Hurricane-Katrina lawsuit for damages to plaintiff's real property

at 4344 Duplessis Street, New Orleans, Louisiana 70122.  Plaintiff sued defendant on January 29,

2009, alleging that defendant had failed to pay for all damages under plaintiff's insurance policy with

it.  [Doc. #1 at p. 3].  On or about March 9, 2010, plaintiff and defendant settled.  After the parties notified it of the settlement, the District Court then entered an order dismissing this lawsuit on March 12, 2010. [Doc. #19].

On November 11, 2010, defendant filed a Motion to Enforce Settlement Agreement because plaintiff had failed to execute the release documents and the Joint Motion and Order of Dismissal. [Doc. #20 at p. 1].  The District Court referred that motion to this Court [Doc. #23], and this Court set the motion for oral hearing on December 15, 2010.  [Doc. #24].

On December 14, 2010, after having reviewed the motion and finding that no party had opposed it, this Court recommended that the motion be granted.  [Doc. #25].  After no party objected to the report and recommendation, the District Court adopted it on January 18, 2011.  [Doc. #26].

According to the responses to the motion for contempt [Doc. ## 31 & 36] and the motion to withdraw,  counsel for plaintiff informed plaintiff of the District Court's final ruling on the motion to enforce settlement agreement.  After plaintiff still failed to execute the release agreements, defendant filed the motion for contempt and dismissal.  Counsel for plaintiff notified plaintiff by certified mail and by telephone of the hearing on the motion for contempt and dismissal.  [Doc. #31 at pp. 1-2].  Counsel for plaintiff also notified him by certified mail of their intent to withdraw should he continue to refuse to execute the release agreements.  [Doc. #30-2].

In short, defendant asks the Court to dismiss plaintiff's lawsuit with prejudice for failure to comply with the District Court's order to execute the release agreements.  Counsel for defendant also seeks $500.00 in expenses for having had to file the motion.  In their response to the motion, counsel for plaintiff notes that defendant has not tendered the agreed-upon sum.  In their supplemental response, counsel for plaintiff attaches a letter from plaintiff in which he states that he will not sign

the settlement agreement because the settlement was based on a lie. [Doc. #36-1]. Plaintiff does not identify the lie.

In his motion, counsel for plaintiff seeks to withdraw on the ground of plaintiff's "unwillingness to cooperate and his failure to listen to [his] legal advice." [Doc. #30-1 at p. 2]. Counsel for plaintiff also seeks to withdraw because plaintiff's "refusal to execute the necessary documents and his failure to listen to [his] legal advice has caused a fundamental disagreement between Mr. Bryson and [counsel]. . . . " [*Id.*].

## II.     Law and Analysis

### A.     Defendant's Motion for Contempt and Dismissal

Federal Rule of Civil Procedure 41(b) provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules *or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (emphasis added). Under Rule 41(b), a court may, either *sua sponte* or on motion by a defendant, dismiss an action with prejudice for plaintiff's failure to prosecute, comply with the rules of procedure or obey a court order. Such a dismissal is appropriate where: (1) the failure to prosecute or comply with the rules or orders was the result of purposeful delay or contumacious conduct; and (2) the record reflects that the district court employed lesser sanctions before dismissing the action or the district court expressly determined that lesser sanctions would not prompt diligent prosecution. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Before dismissing an action under Rule 41(b), courts should also consider the following so-called "aggravating factors:" (1) whether the dilatory conduct

3

is attributable to the plaintiff himself, as opposed to his attorney; (2) whether the defendant will suffer actual prejudice; and (3) whether the conduct was intentional.  *See Berry*, 975 F.2d at 1191.

Apart from Rule 41(b), federal courts are also vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  This authority is necessarily incident to the judicial power granted under Article III of the Constitution and includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders or rules.  *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995).  However, when these inherent powers are invoked, they must be exercised with restraint and discretion.  Dismissing a case with prejudice is a harsh sanction but is upheld unless the district court has abused its discretion.  Such sanctions should be confined to instances of "bad faith or willful abuse of the judicial process."  *Woodson*, 57 F.3d at 1417.

Here, the parties settled on or about March 9, 2010.  It has been over a year, and plaintiff has failed to honor his agreement with defendant.  That such conduct on plaintiff's part constitutes intentional and purposeful delay is clear:  Plaintiff has sent a letter to the Court in which he adamantly refuses to sign any settlement document as he finds that the settlement was based on a lie.  Plaintiff fails to identify what the lie is, and, with no further response from plaintiff himself, this Court can divine no lie on defendant's part.  The letter is also evidence that the dilatory conduct is attributable to plaintiff himself and not his counsel.  Moreover, the last aggravating factor is satisfied:  The Court finds that defendant continues to suffer actual prejudice due to plaintiff's dilatory conduct.  As defendant correctly notes, every motion prepared on defendant's behalf expends resources that could be better spent on matters actually in legitimate dispute.  The Court

takes judicial notice of the fact that defendant is involved in numerous lawsuits in this Court due to both Hurricanes Katrina and Gustav.  To expend resources on a matter that settled over a year ago wastes both defendant's and this Court's resources.

In addition, the Court can not find that a lesser sanction – such as a monetary fine – would prompt an end to this litigation.  Plaintiff makes it clear in his letter:  He has told his counsel to tell defendant to "keep the settlement" because the settlement was based on lies, and, as a preacher, plaintiff "won't sing [sic] [his] name to no [sic] lies. . . . " [Doc. #36-1].  Plaintiff's only communication with this Court leaves the Court with the conclusion that plaintiff is adamant in his position here.  Accordingly, the Court recommends that plaintiff's lawsuit be dismissed with prejudice.

The Court declines to recommend that defendant be awarded $500.00 in expenses for having had to file this motion.  The Court first finds that the dilatory conduct here is no fault of counsel for plaintiff, and the Court will not sanction the Hurricane Law Center for plaintiff's conduct.  The Court also finds that – given plaintiff's adamant refusal to sign the settlement documents – such an award would be an exercise in futility.  Plaintiff would most likely never comply with the Court's order, non-compliance that would necessitate further motion practice by defendant and result in a waste of this Court's scarce judicial resources.

### B.    Counsel for Plaintiff's Motion to Withdraw

The Local Rules of this Court provide that

The original counsel of record must represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. Counsel of record may obtain permission only upon joint motion (of current counsel of record and new counsel of record) to substitute counsel or upon a written motion served on opposing counsel and the client. If other counsel is not thereby substituted, the motion to withdraw must contain the present address of the client and the client's telephone

number if the client can be reached by telephone. The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made.

LR 83.2.11.

A review of plaintiff's counsel's motion reveals that counsel has complied with this Court's local rules. Given plaintiff's dilatory conduct as outlined above, the Court finds no reason not to recommend the grant of this motion.

## III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that defendant's Motion for Judgment of Contempt and Dismissal [Doc. #28] be GRANTED IN PART as outlined above and that plaintiff's counsel's Motion to Withdraw as Counsel of Record Without Substitution [Doc. #30] be GRANTED.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana this 18th day of March, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**